Denise M. Clark (420480)
Attorney for Plaintiff
The Law Office of Denise M. Clark, PLLC
1250 Connecticut Ave, N.W., Ste. 200
Washington, DC 20036
Phone: (202) 293-0015
Fax:     (202) 293-0115
dmclark@benefitcounsel.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATHAN LINDELL,** )<br>**423 Mallard Drive** )<br>**Greensboro, MD 21639** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**LANDIS CONSTRUCTION CORPORATION,** )<br>**and ETHAN LANDIS, in his individual capacity** )<br>**and CHRISTOPHER LANDIS, in his** )<br>**individual capacity,** )<br>**7059 Blair Road., NW, Suite 300,** )<br>**Washington, D.C. 20012** )<br>)<br>**Defendants.** )<br>) | **Case No.** |

Plaintiff Nathan Lindell, Jr., by his attorney, alleges as follows:

## COMPLAINT

This action challenges Defendants', Landis Construction Corporation, Ethan Landis, and

Christopher Landis (collectively "Landis"), practice of failing to pay time-and-one-half for

overtime work completed by Plaintiff, Nathan Lindell ("Lindell" or "Plaintiff"). Plaintiff would

work on Landis construction projects and jobs for forty hours Monday through Friday of a work week and then was required to work an additional eight to ten hours on Saturday. Plaintiff was never compensated for the eight to ten hours of additional overtime work on Saturdays but was merely paid his regular hourly rate. In sum, Landis has not paid Lindell the lawfully required overtime rates for years of overtime work. Additionally, upon Lindell's last day of employment, Landis unlawfully withheld wages from Lindell's final paycheck without justification. Lindell seeks damages and penalties available under the Fair Labor Standards Act, 29 U.S.C.§§ 201 et seq. ("FLSA") and District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001.

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and §1337 and supplemental jurisdiction over Plaintiff's District of Columbia Wage and Hour Law claims pursuant to 28 U.S.C. 1367. Additionally, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b).

2.    Venue is proper in the U.S. District Court in the District of Columbia pursuant to 28 U.S.C. §1391(a).

3.    Plaintiff, Nathan Lindell, is an adult citizen of the United States residing in the State of Maryland.

4.    Defendant, Landis Construction Corporation is a corporation doing business within the District of Columbia.

5.    Defendant operates the Landis Construction Corporation offices located at 7059 Blair Road., NW, Suite 300, in Washington, D.C.

## **FACTUAL ALLEGATIONS**

6.  From approximately March 30, 2005, to November 26, 2007, Lindell was employed by Defendant within the meaning of D.C. Code § 32-1301(2).

7.  From approximately April 11, 2005, to November 26, 2007, Lindell was employed by Defendant within the meaning of 29 U.S.C. § 203 of the FLSA.

8.  Lindell, in his performance of duties for the Defendant, was engaged in commerce within the meaning of the FLSA.

9.  Throughout the Covered Period, Defendant scheduled Plaintiff to work anywhere between 6 and 16 hours per shift/day and for between five to six days.

10. Plaintiff's work shifts for Defendant sometimes totaled more than forty hours per week.

11. Attached to Complaint as Exhibit A are Time Sheets corroborating Plaintiff's overtime hours in one week.

12. Throughout the Covered Period, Landis paid Lindell on an hourly basis, not a weekly salary basis.

13. Throughout the Covered Period, Plaintiff's weekly wages from Landis varied depending on the number of hours Lindell was assigned to work.

14. Throughout the Covered Period, Plaintiff's hourly rate of pay did not fluctuate other than two hourly pay raises.

15. Plaintiff's hourly rate at the time of hiring was $26/hr. as a Lead Carpenter.

16. Plaintiff received a raise on July 12, 2005 to $28/hr.

17. Plaintiff received his final raise in August of 2006 at $29/hr.

18. Attached to this Complaint as Exhibit B is the hiring letter for Lindell corroborating his weekly pay rate during the Covered Period.

19. For the entire duration of Plaintiff's employment with Landis, Landis did not pay Plaintiff time-and-one-half for work done on Saturdays.

20. At the time of hiring Landis employees are given a Home Depot credit card for the purpose of purchasing work-related materials.

21. Throughout the course of Lindell's employment, Lindell used his own tools for work-related use until they were no longer operable.

22. At the time that Lindell's tools became inoperable and worn from job use, Landis gave Lindell oral permission, through Landis' Office Manager, Brian Burns, to replace his tools with the Home Depot credit card given to each employee.

23. Lindell purchased the tools to replace his own with the Home Depot credit card.

24. At the time of Plaintiff's termination, Landis charged Plaintiff $1,449.46 for tools despite giving him permission to replace his tools, and deducted the cost from his final paycheck.

25. Defendant failed to pay Lindell his final paycheck for the period directly prior to his termination on November 23, 2007.

26. On November 27, 2007, in Lindell's termination letter, Landis made an additional deduction in Plaintiff's final paycheck of $1,500 for costs Landis incurred finishing a construction project.

27. In the termination letter, Landis claimed that it was "charging-back" its own employee for additional work spent on a Landis project.

28. In total, Landis failed to pay Plaintiff his final hourly unpaid wages of $1,689.89 and instead demanded that Plaintiff pay his employer $1,777.41 at the time of his termination.

## FIRST CLAIM FOR RELIEF— FAIR LABOR STANDARDS ACT

29.    Lindell alleges and incorporates by reference all of the above allegations set forth in Paragraphs 1 through 28.

30.    Pursuant to the Fair Labor Standards Act, 29 U.S.C.§§ 201 et seq. ("FLSA"), Lindell alleges that he is (1) entitled to unpaid overtime wages from Landis Construction for his work beyond forty hours per week; and (2) entitled to liquidated damages equal to his unpaid overtime wages under the FLSA.

31.    Under the FSLA, Lindell is entitled to overtime compensation from Landis of one and one-half times per regular rate of hourly pay for hours he worked beyond the forty hour work week.

32.    Defendants' course of conduct was an intentional, deliberate, and willful violation of the FLSA.

33.    Upon information and belief, Defendant's practice of conferring with employees at the start of their employment to "bargain" away their time-and-one-half pay is not based on Defendant's review of any policy or publication of the U.S. Department of Labor or the D.C. Department of Labor.

34.    Due to Landis' FLSA violation, Plaintiff is entitled to recover from Landis his unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF— D.C. WAGE AND HOUR LAW

35.    Lindell alleges and incorporates by reference all of the above allegations, set forth in Paragraphs 1 through 34.

36.    Pursuant to the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001, Plaintiff alleges that (1) he is entitled to unpaid overtime wages from Defendant for his work beyond forty hours per week at time-and-one half his regular hourly rate; and (2) he is entitled to liquidated damages equal to the amount of unpaid hourly wages.

37.    Under the District of Columbia Minimum Wage Revision Act, Lindell was entitled to overtime pay at a rate of time-and-one-half of an employer's regular rate of pay for the hours worked in excess of forty per week. See D.C. Code § 32-1003(c).

38.    Upon information and belief, Defendants' practice of conferring with employees at the start of their employment to "bargain" away their time-and-one-half pay is not a defense to civil liability. *See* D.C. Code § 32-1012(d).

39.    Under the District of Columbia Minimum Wage Revision Act Municipal Regulations, Landis is responsible for travel, tool, and other work-related expenses.  The employer shall pay the cost of purchasing and maintaining any tools required of the employee in the performance of the business of the employer. *See* D.C. Code § 32-910.01.

40.    Defendants' act of deducting work-related tool costs from Plaintiff's final paycheck violates the District of Columbia Minimum Wage Revision Act.

41.    By the above course of conduct, Defendants have violated the District of Columbia Minimum Wage Revision Act.

42.    Defendants have violated District of Columbia Minimum Wage Revision Act willfully.

43.    Due to Landis' District of Columbia  Wage and Hour Law violation, Lindell is entitled to recover his unpaid wages, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to D.C. Wage and Hour Law § 32-1012(a).

## THIRD CLAIM FOR RELIEF— DISTRICT OF COLUMBIA WAGE PAYMENT AND COLLECTION LAW

44.    Plaintiff alleges and incorporates by reference all of the above allegations, set forth in Paragraphs 1 through 43.

45.    Pursuant to the District of Columbia Wage Payment and Collection Act, D.C. Code § 32-1303, Plaintiff alleges that he is (1) entitled to his unpaid wages withheld by Defendant following Plaintiff's termination and; (2) entitled to liquidated damages of ten percent (10%) of the unpaid wages per working day after the day that wages were due.

46.    Under the District of Columbia Wage Payment and Collection Law, Plaintiff is entitled to his wages, up to four working days after the date of his discharge. *See* D.C. Code § 32-1303(1).

47.    Upon observation and belief, there was no bona fide dispute over the amount of wages conceded to be due as charging an employee for additional work done by an employer is not a lawful deduction with which to base a dispute.

48.    Defendant's act of issuing a blank check upon Plaintiff's termination instead of issuing him his final wages violates the District of Columbia Wage Payment and Collection Law.

49.    Defendants have violated the District of Columbia Wage Payment and Collection Law willfully.

50.    Due to Defendants' District of Columbia Wage Payment and Collection Law violation, Lindell is entitled to recover his unpaid wages, liquidated damages of ten percent (10%) of the unpaid wages per working day after the date of November 28, 2007, and reasonable attorney's fees and costs of this action pursuant to D.C. Code §32-1303(4)

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

51.    Award Lindell the following unpaid wages:

        a.    His unpaid hourly compensation due under the District of Columbia Wage and Hour Law.

        b.    His unpaid overtime compensation due under the District of Columbia Wage and Hour Law.

        c.    His unpaid overtime compensation under the FLSA.

        d.    His unpaid hourly compensation under the District of Columbia Wage Payment and Collection Act.

52.    Award Lindell the following liquidated damages:

        a.    Liquidated damages equal to his unpaid wages under the District of Columbia Wage and Hour law.

        b.    Liquidated damages equal to his unpaid overtime compensation under the FLSA.

        c.    Liquidated damages under the District of Columbia Wage Payment and Collection law of ten percent (10%) of the unpaid wages per working day after the day that wages were due.

53.    Award Lindell prejudgment interest;

54.    Award Lindell reasonable attorney's fees as well as the costs of this action;

55.    Award such other relief as this Court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: February 11, 2008                    Respectfully submitted,


Denise M. Clark (420280)
The Law Office of Denise M. Clark
1250 Connecticut Ave, N.W.
Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com

9

**EXHIBIT A**



**Time Sheet for:** *Nathan Linsell* JR   **Week Ending** *Friday,* 3-9-07   ,2006

| JOB NAME & ACCOUNT | WORK DESCRIPTION | Sat/Sun | MON | TUES | WED | THR | FRI | TOTAL |
|---|---|---|---|---|---|---|---|---|
| Bacos | FRAMING | | 8 | | | | | |
| BACOS | DEMO | | | 4 | | | | |
| | FRAMING | | | 4 | | | | |
| BACOS | FRAMING | | | ⊗ | 8 | | | |
| BACOS | FRAMING | | | | | 8 | | |
| BACOS | SET STEELE | | | | | | 8 | |
| Bacos | Demo Block Wall | 8 | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| **DAILY TOTAL** | | 8 | 8 | 8 | 8 | 8 | 8 | 48 |

SIGNATURE:

MANAGER APPROVAL: [signature]   DATE: 3-9



**LANDIS CONSTRUCTION CORPORATION**

**Time Sheet for:** NATHAN LINDELL JR    **Week Ending** **Friday,** 3-2-07    ~~2008~~

| JOB NAME & ACCOUNT | WORK DESCRIPTION | Sat/Sun | MON | TUES | WED | THR | FRI | TOTAL |
|---|---|---|---|---|---|---|---|---|
| BACOS | DEMO | | 8 | | | | | |
| HIRST | SUPERVISION | | | 1.5 | | | | |
| MEALY | SUPERVISION | | | 1.5 | | | | |
| BACOS | DEMO | | | 5 | | | | |
| BACOS | DEMO + LABOR WORK | | | | 8 | | | |
| BACOS | FRAMING | | | | | 8 | | |
| BACOS | FRAMING | | | | | | 8 | |
| HIRST | PUNCH OUT | 5 | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| **DAILY TOTAL** | | 5 | 8 | 8 | 8 | 8 | 8 | 45 |

SIGNATURE: 

MANAGER APPROVAL: _[signature]_    DATE:

**EXHIBIT B**





Bill Lindell
305 Rose Avenue
Glen Burnie, MD 21061
Tel 410-766-7751

RE: Employment Offer                                                      March 30th, 2005

      Thank you for taking the time to meet with us. We have discussed your experience and skills and checked with some of your references. We are enthusiastic about your promise as an energetic and experienced lead carpenter for our firm.

      As discussed, Landis Construction Corporation is interested in hiring you on as **Lead Carpenter** with responsibilities for managing at least one large or several smaller construction projects at a time and working closely with Project Managers of Landis to help manage and produce the construction jobs that we design. You will coordinate and supervise site personnel, maintain project scheduling and site construction as well as perform hands on construction work and installation. You will also order materials, make occasional trips to pick up materials and often be the first line of contact with customers during construction.

      Your starting salary will be $ 54,080 (or $ 26/hour) and you will receive a performance review before the end of your 90 day probation period. At six & 12 months you will receive additional performance reviews with a salary review after one year. Starting time was discussed as following a 2 week notice to your present employer.

Benefits:
- Landis also has started a 401 K plan that will be in full effect for 2004. Employees have to be with the company for 1 calendar year before the employer contribution of 3 percent can be made. Jan 1 is the enrollment date. They, of course can make personal contributions.
- Landis will reimburse approximately $ 40 per month of the cost of a cell phone
- Landis will pay $ 300 per month or 50% of health insurance for you and your family.
- You will have one week paid vacation during your first year plus 6 holiday days and 7 sick/personal days. You will have two weeks paid vacation your second and third years of employment.

Again, we are very excited about your interest in working for Landis Construction Corp. and look forward to building a long term relationship with you.

Brian Burns
Landis Construction Corp.

---

DESIGN / BUILD & CONTRACTORS                                      TEL: (202) 726-3777
ETHAN LANDIS, MBA                                                 FAX: (202) 882-9700
7058 Spring Place, NW
WASHINGTON, D.C. 20012                                            EMAIL: ethan@landisconstruction.com
See Us Online at: www.landisconstruction.com                      LICENSED, BONDED, INSURED

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Nathan Lindell | Landis Construction Company, Ethan Landis, Christopher Landis |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 11001<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Denise Clark<br>1250 Connecticut Ave,NW<br>Suite 200<br>Washington, DC 20036 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | | OR | ○ F. Pro Se General Civil | |
|---|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act | |

| O **G.** *Habeas Corpus/ 2255* | O **H.** *Employment Discrimination* | O **I.** *FOIA/PRIVACY ACT* | O **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O **K.** *Labor/ERISA (non-employment)* | O **L.** *Other Civil Rights (non-employment)* | O **M.** *Contract* | O **N.** *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  O 2 Removed from State Court  O 3 Remanded from Appellate Court  O 4 Reinstated or Reopened  O 5 Transferred from another district (specify)  O 6 Multi district Litigation  O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

This action is brought under the Fair Labor Standards Act, the D.C. Wage Payment and Collection Act and the D.C. Minimum Wage Revision Act.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND:    YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒  NO ☐    If yes, please complete related case form.

DATE  2/11/08    SIGNATURE OF ATTORNEY OF RECORD  *James M Clark*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed *only* if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.