UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**NATHAN LINDELL**
    **Plaintiff,**

v.                           Civil Action No. 08-229 (PLF)

**LANDIS CONSTRUCTION CO., ET AL.**

    **Defendants.**

### DEFENDANTS' ANSWER AND COUNTERCLAIM

Defendants respond to the numbered paragraphs of the complaint herein as follows:

1. This paragraph consists of plaintiff's characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required.

2. This paragraph consists of plaintiff's characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required.

3. Defendants are without sufficient information to admit or deny.

4. Admitted

5. Admitted

6. Defendants admit only that plaintiff was employed by Landis Construction from approximately March 30, 2005 to November 26, 2007.

7. Defendants admit only that plaintiff was employed by Landis Construction from approximately April 11, 2005 to November 26, 2007.

8. This paragraph is a conclusion of law to which no response is required.

9. Defendants admit only that plaintiff on rare occasions worked more than eight hours per day or more than five days per week at his request.

10. Defendants admit only that on rare occasions plaintiff worked more than 40 hours per week on a voluntary basis and that defendants did not willfully or intentionally violate any laws.

11. Admitted

12. Defendants admit that plaintiff was paid on an hourly fee basis although his hiring letter indicates he was hired as a supervisor on an annual salary basis.

13. Admitted

14. Admitted

15. Admitted

16. Admitted

17. Admitted

18. Denied; the letter contains an annual salary and hourly rate, not a weekly rate.

19. Admitted but deny that time and a half is required for weekend work under the FLSA.

20. Denied

21. Defendants are without sufficient information to admit or deny.

22. Defendants are without sufficient information to admit or deny.

23. Defendants are without sufficient information to admit or deny.

24. Denied

25. Denied

26. Admitted

27. Admitted

28. Admit that at the time of termination plaintiff was due salary of $1,689.89 but owed defendants $3,467.30 as set forth in his letter of termination dated November 27, 2007.

29. Defendants repeat their responses to paragraphs 1-28.

30. This paragraph contains legal allegations to which no response is required.

31. This paragraph contains legal allegations to which no response is required.

32. Denied

33. Denied

34. Denied

35. Defendants repeat and incorporate their responses to paragraphs 1-34.

36. This paragraph contains legal allegations to which no response is required.

37. This paragraph contains legal conclusions to which no response is required.

38. This paragraph contains legal conclusions to which no response is required.

39. This paragraph contains legal conclusions to which no response is required.

40. This paragraph contains legal conclusions to which no response is required.

41. This paragraph contains legal conclusions to which no response is required.

42. Denied

43. Denied

44. Defendants repeat their responses to paragraphs 1-43.

45. This paragraph contains legal allegations to which no response is required.

46. This paragraph contains legal conclusions to which no response is required.

47. Denied

48. This paragraph contains legal conclusions to which no response is required.

49. Denied

50. Denied

Paragraphs 51-55 contain plaintiff's claims for relief, to which no response is required. To the extent a response is required, Defendants state that plaintiff is not entitled to the relief requested or any relief whatsoever.

All allegations in the complaint not specifically admitted are denied.

FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

SECOND DEFENSE

Plaintiff failed to mitigate damages and/or some or all of his claims are barred by the applicable statutes of limitations.

THIRD DEFENSE

Defendants reserve the right to assert affirmatively any other defense that constitutes an avoidance or affirmance under Federal Rule of Civil Procedure 8(c).

Wherefore, defendants request that the complaint be dismissed and that defendants be awarded their costs and any other appropriate relief.

COUNTERCLAIM

1. The court has pendent jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367(a).

2. Defendants advised plaintiff on or before November 2007 not to work separately on projects for customers of defendants while employed with defendants.

3. Plaintiff violated company policy by working on his own for a customer of defendants while employed by defendants.

4. Plaintiff did substandard work on this project. Defendants had to redo the work at their own expense. The amount due from plaintiff to defendants for redoing work on the Bacos project was $1,500.

5. At the time of his termination, plaintiff failed to return company owned tools worth $1,449.46.

6. At the time of his termination, plaintiff had a balance due to defendants of $517.84 for a loan for personal computer.

7. Plaintiff owes defendants a net total of $1,777.41 after crediting his final salary due.

Wherefore, defendants request that the Court order plaintiff to pay them $1,777.41 plus prejudgment interest and costs and any other appropriate relief.

-----------/s/-------------------------------------
Joel P. Bennett, Bar No. 145227
Law Offices of Joel P. Bennett, P.C.
1208 Eton Court, NW
Washington, D.C. 20007-3239
202-625-1970
202-625-1973-facsimile
e-mail: jbennett@radix.net
Attorney for Defendants