UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN LINDELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 08-229 (PLF) |
| v. | ) |
| | ) |
| LANDIS CONSTRUCTION | ) |
| CORPORATION, | ) |
| and ETHAN LANDIS, | ) |
| in his individual capacity | ) |
| and CHRISTOPHER LANDIS, | ) |
| in his individual capacity | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM**

Plaintiff, Nathan Lindell, Jr., ("Lindell") by his attorney, hereby moves this Court to dismiss Defendant's Counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. In support of this Motion to Dismiss, Plaintiff submits for the Court's consideration to the accompanying Memorandum of Points and Authorities. Pursuant to LCvR 7(c), Plaintiff has attached a proposed order to this Motion to Dismiss.

Dated: May 6, 2008

                                                Respectfully submitted,

                                                   s//Denise M. Clark
                                                Denise M. Clark (420480)
                                                The Law Office of Denise M. Clark
                                                1250 Connecticut Ave, N.W.
                                                Suite 200
                                                Washington, D.C. 20036
                                                (202) 293-0015
                                                www.benefitcounsel.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATHAN LINDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-229 (PLF) |
| v. ) | |
| ) | |
| LANDIS CONSTRUCTION ) | |
| CORPORATION, ) | |
| and ETHAN LANDIS, ) | |
| in his individual capacity ) | |
| and CHRISTOPHER LANDIS, ) | |
| in his individual capacity ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

Plaintiff, Nathan Lindell ("Lindell" or "Plaintiff"), by undersigned counsel, hereby submits the following Memorandum in Support of his Motion to Dismiss the Defendants' ("Landis" or "Defendants") Counterclaim.

## I.   INTRODUCTION

This lawsuit, commenced on February 25, 2008, originally consisted of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), D.C. Wage Payment and Collection Act and the D.C. Minimum Wage Revision Act alleging Defendants' overtime and wage and hour law violations.  On April 15, 2008, Plaintiff received notice that Defendants had filed an Answer and Counterclaim which failed to cite any relevant law or even outline legal elements of a claim.  In doing so, Defendants seek to recover damages that have already been unlawfully deducted from Plaintiff's wages and confuse Plaintiff's FLSA action with a hollow tort claim.  Consequently,

Defendants' Counterclaim is dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. FACTS

From approximately March 30, 2005 to November 26, 2007, Lindell was employed by Defendants as part of a construction team working on homes and other property. Compl. at ¶10. Defendants scheduled Plaintiff to work anywhere between 6 and 16 hours per shift/day and for between five to six days and sometimes totaled more than 40 hours per week. Compl. at ¶13, 14. Defendants paid Plaintiff on an hourly basis, not a weekly salary basis. Compl. at ¶16. For the duration of Plaintiff's employment with Landis, Landis did not pay Plaintiff time-and-a-half for overtime work. Compl. at ¶23. Throughout the course of Lindell's employment, Lindell used his own tools for work-related use until they were no longer operable. Compl. at ¶25. At the time of Plaintiff's termination, Landis charged Plaintiff $1449.46 for tools, despite giving him permission to replace his tools with the company credit card, and deducted the cost from his final paycheck failing to pay him $1689.89 in unpaid hourly wages. Compl. at ¶25, 28.

## III. APPLICABLE LEGAL STANDARDS

This Court should grant a 12(b)(6) motion where, the plaintiff has failed to allege all material elements of a cause of action. *Weyrich v. New Republic*, 235 F.3d 617, 623 (D.C. Cir. 2001). Dismissal under Rule 12 (b)(6) is proper when the moving party can show beyond doubt that the non-moving party is unable to prove any set of facts to support a claim which entitles him to relief. *Cauman v. George Washington University*, 630 A.2d 1104, 1105 (1993).

A pleader must do more than merely incant labels, conclusions, and the formulaic elements of a cause of action. *See Bell v. Atlantic Corp. v. Twombly*, 550 U.S.____, 127 S.Ct. 1955 (2007). Pleaders must allege enough facts to raise their claims beyond the level of

speculation, and must plead facts sufficient to give rise to a 'reasonably founded hope that the discovery process will reveal relevant evidence' in support of their claims. *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1967 (2007). Pleadings that are unable to show the requisite entitlement to relief are thereby exposed by Rule 12(b)(6). *Id.* at 1966.

Courts should accept all factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164 (1993). However, a Court is not obligated to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law. *Boyd v. O'Neill*, 273 F. Supp. 2d 92, 95 (D.D.C. 2003).

### IV. ARGUMENT

As a matter of law, Defendants' allegations fail to properly state a claim for which relief can be granted. Defendants allege in their Counterclaim that Lindell failed to return company tools and subsequently ***they unilaterally deducted Lindell's earned wages from his final paycheck***. (Emphasis added) *See* Defendants' Answer and Counterclaim, ¶7. Clearly, Defendants fail to understand that their actions violated the D.C. Minimum Wage Revision Act Municipal Regulations ("DCMR"), because Landis is responsible for travel, tool and other work-related expenses. *See* Compl. at ¶40-47. The relevant law states:

> The employer shall pay the cost of purchasing and maintaining any tools required of the employee in the performance of the business of the employer. See D.C. Code § 32-910.01.

The DCMR further clarifies that an employer may not deduct wages for "breakages, walkouts, mistakes on customer checks and similar charges or to pay fines, assessments or charges." *See* 7 D.C.M.R. § 915. Charging an employee for additional work the employer chose to engage in is not a lawful deduction from an employee's wages. See Defendants' Answer and Counterclaim

at ¶4 ("Plaintiff did substandard work. . . . Defendants had to redo the work at their own expense"). Deductions by employers are unlawful unless they are allowed by the contract of employment, the prior written consent of the employee, or for tax purposes. Landis has failed to plead the existence of an employment contract, Plaintiff's prior written consent, or that there was a tax reason for the deduction.

Dismissal under Rule 12(b)(6) is appropriate where the complaint fails to allege the elements of a legally viable claim. While complaints need not "match facts to every element of a legal theory, the pleader must set forth sufficient information to outline the legal elements of a viable claim for relief or to permit inferences to be drawn from the complaint that indicate that these elements exist." *Chamberlain v. Am. Honda Fin. Corp.*, 931 A.2d 1018 (D.C. 2007). Here Defendants have not only failed to cite to a D.C. or federal statute, common law, or case law upon which they base their claim, but the factual allegations, as written, do not amount to an inference of any violation of the law.

Even if Defendants had plead their Counterclaim properly, the Courts have already established that deductions that take the employee's compensation below the minimum wage or that result in the employee not receiving overtime are not permissible. *Donovan*, 717 F.2d 1320, 1323, 26 WH cases 748, 750 (10th Cir. 1083) (setoff for claim that employees were liable to employer in tort for acts of sabotage not allowed). More specifically, deductions are not allowed where such setoffs are for debts owed by the employee to the employer for alleged torts committed by the employee or for non-loan transactions. *Id.* In *Brennan v. Veterans Cleaners*, the Court distinguished proper and improper wage deductions stating that wages must be paid "free and clear" unless there are statutorily recognized exceptions such as repayment of advances on loans or repayment on amounts paid to third party creditors. 482 F.2d 1362, 1369-70 (5th Cir.

4

1973).  The Court in *Brennan* dismissed the employer's counterclaim for damages due to an employee's alleged destruction of a company truck. *Id.*  Here, Defendants have not plead any statutorily protected exceptions and the mere assertion in their Counterclaim that Plaintiff performed "substandard" work does not amount to a permissible deduction.

Defendants also allege that at the time of his termination Plaintiff had a balance of $517.84 for a loan for a personal computer.  See Defendants' Answer and Counterclaim at ¶6.  While the computer was purchased by the Plaintiff at the request of the Defendants it could be construed as a lawful deduction.  However, when the "employer's evidence does not segregate lawful setoffs or deductions from impermissible ones, all such deductions and setoffs are disallowed." *Donovan v. Pointon*, 717 F.2d 1320, 1323, 26 WH cases 748, 750 (10th Cir. 1083), see e.g. *Donovan v. New Floridian Hotel*, 676 F.2d 468, 474-75 (11th Cir. 1982).

Not only are the Defendants' deductions for tools and workmanship plainly improper, many Courts have gone even further to suggest that counterclaims against individual employees for any money an employer claimed to be owed do not belong in FLSA suits and should be dismissed for lack of jurisdiction. *Brennan v. Heard*, 491 F.2d 1, 3-4, (5th Cir. 1974) ("to clutter these claims with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act.") see e.g. *Ward v. Suber and Johnson Co.*, 17 WH cases 629, 630 (N.D. Fla. 1967) (concluding that in an employee Fair Labor Standards Act suit, the Court lacks jurisdiction over an employer's permissive counterclaim for amounts due on open account).  The Tenth Circuit outlined its position on counterclaims, like the one presented by Defendants here, stating that "the purpose of the present action is to bring the [employer] into compliance with the Act by enforcing a public right.  To permit him in such a proceeding to try his private claims,

real or imagined, against his employees would delay and subvert the whole process." *Donovan v. Pointon*, 717 F.2d at 1323.

### V.     CONCLUSION

For all reasons set forth above, Plaintiff, Nathan Lindell, respectfully requests that this Court grant his Motion to Dismiss Defendants' Counterclaim.

Dated: May 6, 2008

                                           Respectfully submitted,

                                           s//Denise M. Clark
                                          Denise M. Clark (420280)
                                          The Law Office of Denise M. Clark
                                          1250 Connecticut Ave, N.W.
                                          Suite 200
                                          Washington, D.C. 20036
                                          (202) 293-0015
                                          www.benefitcounsel.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATHAN LINDELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No. 08-229 (PLF)** |
| v. | ) |
| | ) |
| LANDIS CONSTRUCTION | ) |
| CORPORATION, | ) |
| and ETHAN LANDIS, | ) |
| in his individual capacity | ) |
| and CHRISTOPHER LANDIS, | ) |
| in his individual capacity | ) |
| | ) |
| Defendants. | ) |

## PROPOSED ORDER

THIS MATTER having come before the Court on Plaintiff's Motion To Dismiss Defendant's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), and any Opposition thereto, and the Court having considered the matter, it is hereby

**ORDERED** that Plaintiff's Motion to Dismiss the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) be and hereby is granted; and it is further ordered that judgment in this action be and hereby is entered in favor of Plaintiff, and that Defendant's Counterclaim is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

ENTERED this day of _____ , 2008.

_____
Paul L. Friedman
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN LINDELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LANDIS CONSTRUCTION )<br>CORPORATION, )<br>and ETHAN LANDIS, )<br>in his individual capacity )<br>and CHRISTOPHER LANDIS, )<br>in his individual capacity )<br>)<br>Defendants. ) | Case No.  08-229 (PLF) |

### CERTIFICATE OF SERVICE

I, Denise M. Clark, attorney of record for the Plaintiff in this matter, hereby certify that one true and accurate copy of Plaintiff's *Motion to Dismiss and the Memorandum of Points and Authorities in Support of Plaintiff's Motion to Dismiss* was served via electronic mail and via CM/ECF this 6th day of May, 2008 upon the following:

> Joel Bennett, Esq.
> Law Offices of Joel P. Bennett, P.C.
> 1208 Eton Court, NW
> Washington, DC 20007-3239
> 202-625-1970-voice/202-625-1973-fax
> jbennett@radix.net
> *Attorney for Defendants*

> s//  Denise M. Clark
> Denise M. Clark (420480)
> The Law Office of Denise M. Clark, PLLC
> 1250 Connecticut Ave, N.W., Suite 200
> Washington, D.C. 20036
> P:(202) 293-0015/ F: (202) 293-0115
> dmclark@benefitcounsel.com
> *Attorney for Plaintiff*