UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHAN LINDELL
        Plaintiff,

v.                                                 Civil Action No.  08-229 (PLF)

LANDIS CONSTRUCTION CO., ET AL.

        Defendants.

**DEFENDANTS' OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM**

Since plaintiff has not met his burden as the movant for his Federal Rule of Civil Procedure 12(b)(6) motion for failure to state a claim, his motion to dismiss the counterclaim should be denied.

**I. INTRODUCTION**

In his complaint, ¶s 24 and 26, plaintiff claims defendants improperly deducted amounts from his final pay check for tools and costs defendants incurred for work done on a project. Defendants filed an answer and counterclaim for money owed, claiming that plaintiff violated company policy by doing his own substandard work for a customer of defendants and failed to return company owned tools. See counterclaim in this case at ¶s 1-7.

**II. FACTS**

Defendants stand by the facts alleged in their counterclaim, ¶s 1-7, incorporated herein by reference.

**III. APPLICABLE LEGAL STANDARDS**

Defendants were required to state their counterclaim in their answer or it would be waived

since it arises out of the same transaction or occurrence, plaintiff's employment with defendants, as the complaint. See Federal Rule of Civil Procedure 13(a); *Southern Construction Co. v. Pickard*, 371 U.S. 57 (1962); *Williams v. Robinson,* 1 F.R.D. 211, 213 (D.D.C. 1940). This avoids multiple law suits. See *In re PCH Associates,* 949 F. 2d 585, 594 (2d Cir. 1991). This counterclaim is also permitted by Federal Rule of Civil Procedure 18(a).

A rule 13(a) compulsory counterclaim falls within the ancillary jurisdiction of this Court and does not require an independent basis for federal subject matter jurisdiction. See *Baker v. Gold Seal Industries, Inc.,* 417 U.S. 467, 469 n.1 (1974).

Plaintiff claims defendants have failed to state a claim in their counterclaim. See plaintiff's memorandum of points and authorities at 2-3. Defendants submit this argument fails. Plaintiff has failed to meet his burden as the moving party because the counterclaim meets the standard of Federal Rule of Civil Procedure 8(a)(2) in that it is a "short and plain statement of the claim showing that the pleader is entitled to relief" and gives plaintiff "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Trombly,* 127 S. Ct. 1955, 1965 (2007).

The counterclaim in this case provides sufficient factual allegations well known to plaintiff and is not merely labels and conclusion or a formulaic recitation of the elements of a cause of action. Id. at 1964-65. The counterclaim in this case meets the plausibility test set forth in *Trombly.* Id. at 1968. On plaintiff's motion, this Court must accept as true the factual allegations contained in the counterclaim and construe it liberally in defendants' favor and grant defendants the benefit of all inferences than can be derived from the facts alleged. Id. at 1965; *Kowal v. MCI Communications Corp.,* 16 F. 3d 1271, 1276 (D.C. Cir. 1994). See also *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 515 (2002).

**IV. ARGUMENT**

Plaintiff argues that the counterclaim fails to state a claim relying upon the D. C. Minimum Wage Revision Act. See memorandum at 3. This argument fails because the law does not apply to amounts owed by an employee to an employer for violation of company policy or failure to return tools. No contract is required for a common law claim of money owed for tools and violation of company policy that required defendants to redo plaintiff's substandard work for a customer of defendants.

Plaintiff also argues that this type of counterclaim may not be maintained in an action under the FLSA, citing cases from other circuits and no authority binding on this Court. Each appellate case relied upon by plaintiff is distinguishable.

For example, in *Donovan v. Pointon,* 71 F. 2d 1320 (10th Cir. 1983), the defendant apparently did not make the argument that his claims for money owed were compulsory counterclaims and could not be brought in state court since the Tenth Circuit noted that the defendant could sue his employees in state court and was apparently doing so.

*Brennan v. Veterans Cleaning Service, Inc.,* 482 F. 2d 1362 (5th Cir. 1973) is not on point because the cause of action against the defendant there was for not paying the minimum wage, not failure to pay overtime, and the enforcement of the debt owed by the employee would bring the wage down below the minimum wage.

*Donovan v. New Floridian Hotel, Inc.,* 676 F. 2d 468 (11th Cir. 1982) simply denied a credit to the employer for meals and lodging supplied because the employer did not provide adequate proof. *Brennan v. Heard,* 491 F. 2d 1 (5th Cir. 1974) reversed the District Court's allowance of setoffs of purchases by the employees from the company store because the setoffs resulted in wages below the

minimum wage.

### V. CONCLUSION

For the reasons set forth above, plaintiff's motion should be denied.

-----------/s/-------------------------------------
Joel P. Bennett, Bar No. 145227
Law Offices of Joel P. Bennett, P.C.
1208 Eton Court, NW
Washington, D.C. 20007-3239
202-625-1970
202-625-1973-facsimile
e-mail: jbennett@radix.net
Attorney for Defendants