**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
NATHAN LINDELL,                    )
                                   )
Plaintiff,                         )
                                   )   Case No. 08-229 (PLF)
v.                                 )
                                   )
LANDIS CONSTRUCTION                )
CORPORATION,                       )
and ETHAN LANDIS,                  )
in his individual capacity         )
and CHRISTOPHER LANDIS,            )
in his individual capacity         )
                                   )
Defendants.                        )
_____)

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TOPLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

Plaintiff, Nathan Lindell ("Lindell" or "Plaintiff"), by undersigned counsel, hereby submits the following Reply to Defendants' Opposition to Plaintiff's Motion to Dismiss the Defendants' ("Landis" or "Defendants") Counterclaim.

Defendants' counterclaim in this action amounts to three claims: 1) the Plaintiff disobeyed a company policy that he could not work for company clients on his own time; 2) the Plaintiff performed substandard work on behalf of a Landis client that Landis decided to correct at its expense; 3) the Plaintiff left the Defendant's employ with company property. Assuming that the factual assertions are true, Defendant's have failed to allege any applicable District of Columbia law that supports their claim for relief. Further, Defendants fail to acknowledge is that they have engaged in self-help and secured a remedy as to each claim, notwithstanding the fact that Defendant's self-help violates established District

of Columbia law. Simply put, Defendants' self-help violates D.C. Minimum Wage Revision Act Municipal Regulations ("DCMR") and further remedy of these three claims is not available.

**Defendants' Allegations, Even If True, Are Claims Having No Further Relief**

Defendants have alleged that Plaintiff was a poor performer and that he cost the company additional expense as a result of his poor performance while working in violation of an alleged policy of Defendant Landis Construction, that was published, possibly in advance of Plaintiff's engaging in conduct violating that policy. At common law, the remedy to an employer facing this situation is termination of employment. That remains the primary remedy for Defendants today, especially in response to Plaintiff's alleged poor performance and his violation of an existing company policy. Defendants secured that remedy when Landis Construction terminated Lindell on November 27, 2007. However, contrary to Supreme Court precedent for pleadings before this court, Defendants fail to allege enough facts to raise claims demonstrating Defendants' requisite entitlement to relief. *See Bell v. Atlantic Corp. v. Twombly*, 550 U.S.____, 127 S.Ct. 1955, 1966 (2007)

Assuming that Plaintiff disobeyed a published company policy against working for current Landis clients during their personal time, the appropriate remedy for Landis is dismissal of the employee. Landis suggests that the law recognizes an employer's right to recover damages from an employee who engages in his or her skilled work during personal time on behalf of existing in two cases secured a remedy inconsistent with that permitted under the applicable statutes. However, District of Columbia law suggests otherwise. The DCMR states that an employer may not deduct wages for "breakages, walkouts, mistakes on customer checks and similar charges or to pay fines, assessments or charges." *See* 7 D.C.M.R. § 915. Charging an employee for additional work the employer chose to engage in is not a lawful deduction from an employee's wages.

Plaintiff reiterates his argument in his Motion to Dismiss.  Dismissal under Rule 12(b)(6) is appropriate where the complaint fails to allege the elements of a legally viable claim. While complaints need not "match facts to every element of a legal theory, the pleader must set forth sufficient information to outline the legal elements of a viable claim for relief or to permit inferences to be drawn from the complaint that indicate that these elements exist." *Chamberlain v. Am. Honda Fin. Corp.*, 931 A.2d 1018 (D.C. 2007).  Here Defendants have not only failed to cite to a D.C. or federal statute, common law, or case law upon which they base their claim, but the factual allegations, as written, do not amount to an inference of any violation of the law.

Finally, as set forth in its Motion to Dismiss, the Defendants engaged in self-help by reducing Plaintiff's wages below minimum wage in violation of the DCMR, and failing to remit Plaintiff's final paycheck.  Because of Defendants' self-help tactics, there is no further relief available.  Therefore, Defendants' Counterclaim should be dismissed.

Dated:  May 27, 2008

Respectfully submitted,

    s//Denise M. Clark
Denise M. Clark (420480)
The Law Office of Denise M. Clark
1250 Connecticut Ave, N.W.
Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
NATHAN LINDELL,            )
                           )
Plaintiff,                 )
                           )   **Case No. 08-229 (PLF)**
v.                         )
                           )
LANDIS CONSTRUCTION        )
CORPORATION,               )
and ETHAN LANDIS,          )
in his individual capacity )
and CHRISTOPHER LANDIS,    )
in his individual capacity )
                           )
Defendants.                )

**CERTIFICATE OF SERVICE**

I, Denise M. Clark, certify that on May 27, 2008, a copy of the foregoing *Reply to Defendants' Opposition to Plaintiff's Motion to Dismiss* was served via ECF upon Defendants' counsel:

> Joel P. Bennett (145227)
> Law Offices of Joel Bennett, P.C.
> 1208 Eton Ct., N.W.
> Washington, D.C. 20007-3239
> P:(202) 625-1970/F:(202) 625-1973
> jbennett@radix.net
> *Attorney for Defendants*

Dated: May 27, 2008

                    Respectfully submitted,


                         s//Denise M. Clark
                    Denise M. Clark (420480)
                    The Law Office of Denise M. Clark
                    1250 Connecticut Ave, N.W.
                    Suite 200
                    Washington, D.C. 20036
                    (202) 293-0015
                    dmclark@benefitcounsel.com